PER CURIAM
*929 Plaintiff appeals a supplemental judgment awarding defendants attorney fees, costs, and disbursements. He argues that the trial court erred by granting the request for fees without considering plaintiff's objections to the request, hearing oral argument on plaintiff's objections, or making factual findings and legal conclusions as requested by plaintiff. For the reasons that follow, we affirm.
On September 24, 2015, following an award of summary judgment in their favor, defendants filed an ORCP 68 statement for attorney fees, costs, and disbursements, as well as a proposed supplemental judgment and money award. Plaintiff served objections to defendants' motion by mail on October 9 and electronically filed the objections with the court on October 12.[1]
On October 13, the court issued an order on the motion, stating that it had "reviewed the parties' written submissions and [was] fully informed of all relevant facts and law," and awarded defendants the full amount of attorney fees, costs, and disbursements. The trial court signed the supplemental judgment on October 14.
On October 19, defendants filed a written response to plaintiff's objections, "[i]n the *470 event the Court decide[d] to accept Plaintiff's late-filed Objection" to the motion. On November 11, the court issued a letter opinion ruling that plaintiff's objections were untimely under ORCP 68 C(4)(b), which requires objections to be served within 14 days after service of the ORCP 68 statement. The court stated that plaintiff was required, but had failed, to serve his objections by the due date of October 8. However, the letter nevertheless indicated that the court had reviewed the merits of plaintiff's objections:
"Discounting the lateness, however, the court maintains its position that Defendants are entitled to their full fees based upon all of the reasoning presented in Defendants' prior *930 arguments and as set forth in its response to Plaintiff's objections.
"Accordingly, the Supplemental Judgment and Money Award as submitted by Defendants and signed on October 14, 2015, shall remain unchanged."
(Emphasis added.)
In response, plaintiff argued that his objections were timely because, under ORCP 10 C (2015), three days are added to the due date for a response when a motion is served by mail, making the October 9 service timely. Plaintiff requested that the court withdraw the supplemental judgment, consider his written objections, and issue findings and conclusions; plaintiff did not request a hearing on the matter. He renews those arguments on appeal, and also argues that the trial court erred in denying him a hearing.
Although we agree with plaintiff that his objections were timely, the trial court did not err. The record demonstrates that the trial court made findings and conclusions and rejected plaintiff's objections on the merits. And, because plaintiff abandoned his request for a hearing, the court did not err in failing to conduct a hearing on plaintiff's objections.
Affirmed.

The court clerk rejected plaintiff's objections on October 13, and plaintiff re-filed them on October 15. However, plaintiff's request to have the filing relate back to October 12, under UTCR 21.080(4), was granted. Thus, October 12 remains the electronic filing date.